**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LEILA M. CRUZ,

      Plaintiff,

v.                                              No. 1:22-cv-00272-SCY

STATE OF COLORADO, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**TRANSFERRING CASE TO DISTRICT OF COLORADO**

Plaintiff asserted claims against Defendant State of Colorado pursuant to the Americans with Disabilities Act ("ADA"), the Violence Against Women Act ("VAWA"), the "Civil Rights Act," and 42 U.S.C. § 1983 seeking $25 million in damages.  Plaintiff, who is blind and "sick with diabetes and kidney disease," alleges that the State of Colorado has, among other things: (i) "illegally locked me out of my subsidized housing units;" (ii) "denied housing termination appeal hearing;" (iii) "destroy[ed] my medical/adaptive equipment and heart/kidney/diabetes medication" and other property; (iv) deprived Plaintiff of benefits; (v) "removed my children from my care;" (vi) "falsely accused me of having 'borderline personality disorder, attachment disorder;'" and (vii) "prosecuted me and illegally sanctioned me and illegally collected money from my SSI." Complaint at 6, 8, 11, 17, 20, 27-28, Doc. 1, filed April 12, 2022.

The Court notified Plaintiff that the District of New Mexico is not a proper venue for this case because the State of Colorado does not reside in the District of New Mexico and there are no allegations indicating that any of the events or omissions giving rise to the claim occurred in the District of New Mexico.  The Court also concluded that this case should be dismissed or transferred to the District of Colorado because the events or omissions giving rise to this case occurred in

Colorado. *See* Order to Show Cause, Doc. 4, filed April 15, 2022. The Court ordered Plaintiff to show cause why the Court should not dismiss or transfer this case to the District of Colorado for improper venue and to file an amended complaint alleging facts showing that venue is proper in the District of New Mexico. The Court also ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.

Plaintiff's Response to the Order to Show Cause does not address the proper venue for this case. *See* Doc. 6, filed April 21, 2022 (addressing Defendant State of Colorado's sovereign immunity). Plaintiff's Amended Complaint states:

> Plaintiff believes New Mexico has jurisdiction over her claims as the requests for hearings, accommodations, home modifications and disability interpreter were made from New Mexico while the Plaintiff was residing in New Mexico. The defendants US Government, US HUD, USDHHS have offices in New Mexico and conduct business in in New Mexico on a daily basis. The Housing Choice Voucher, Federal SNAP food assistance program, Federal Temporary Assistance for Needy Families program are federal national programs administered by the Defendants in the state of New Mexico for the federal movement [sic] and the federal regulations pertaining [to] the Plaintiff 'Plaintiff's children participation in these federal programs is the same in every state.

Amended Complaint at 2, ¶ A, Doc. 5, filed April 21, 2022 (adding the following Defendants: (i) United States Government; (ii) US Dept. of Housing and Urban Development; (iii) US Dept. of Health and Human Services; (iv) United States Dept. of Agriculture; and (v) State of Colorado DBA Foothills Regional Housing/FRH, Housing Authority of Colorado Springs/HACS and El Paso County DHS/EPCDHS). The Amended Complaint also states: "The Plaintiff is bedbound, disabled and blind, terminally chronically ill and it would be both a physical and financial hardship for her to prosecute the case in Colorado." Amended Complaint at 2, ¶ A.

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

It is not clear where Plaintiff resides. In her original Complaint, Plaintiff stated she resides in New Mexico. *See* Doc. 1 at 1. Plaintiff mailed her Complaint and her Application to *proceed in forma pauperis* to the Clerk's Office in an envelope which shows a return address in Amarillo, Texas. *See* Doc. 1 at 36; Doc. 2 at 3. Plaintiff sent her Response to the Order to Show Cause and her supplemental response with exhibits to the Order to Show Cause in envelopes with a return address in Columbia, Missouri. *See* Doc. 6, filed April 21, 2022; Doc. 9, filed April 27, 2022. Plaintiff sent her Amended Complaint, which on the signature line indicates she resides in New Mexico, in an envelope with a return address in Oxnard, California. *See* Doc. 5, filed April 21, 2022. Plaintiff filed a Notice of Change of Address updating her address to Columbia, Missouri indicating she is in Columbia, Missouri, for surgery. *See* Doc. 10, filed May 2, 2022. In her Motion for leave to file documents via email and her Motion for appointment of counsel, Plaintiff states she is "homebound" and gives her address in Columbia, Missouri. *See* Doc. 11, filed May 2, 2022; Doc. 13, filed May 9, 2022. Plaintiff's Motion to seal this case also shows her address in Columbia, Missouri. *See* Doc. 12, filed May 2, 2022.

Other than Plaintiff's statement, quoted above, which indicates she has made requests from the District of New Mexico, there are no factual allegations in the Amended Complaint showing that a substantial part of the events or omissions giving rise to her claim occurred in the District of New Mexico.  The factual allegations in the Amended Complaint indicate that the events and omissions giving rise to Plaintiff's claims, i.e. the alleged failure of the various agencies to provide services to Plaintiff, occurred in Colorado.  *See* Amended Complaint at 2, ¶ C (Plaintiff attempted to "transfer her [housing] voucher from Garfield County CO to Jefferson County [CO];" at 3, ¶ D (Defendant State of Colorado Defendant FRH "refuses to provide interpreter services, disability assistance and accessible format documents"); at 3, ¶ E (State of Colorado Defendant FRH "promises to place Plaintiff and her disabled children at Aspen Ridge Apartments" which are handicapped accessible; "Plaintiff informs navigator she is in a 'protective action' hotel room 45 min away from Arvada"); at 4, ¶ F (alleging the apartment was not handicapped accessible); at 5, ¶ G (Plaintiff was told "that housing authority of Colorado Springs and Appleton Housing authority have provided information that will allow [State of Colorado Defendant] FRH to immediately terminate her housing assistance" and "FRH housing program director tells Plaintiff Housing Authority of Colorado Springs is reporting to the national tenant screening and HUD EIV screening services that Plaintiff has been convicted of intentional program violations and housing/food assistance fraud"); at 5, ¶ H (Plaintiff advised FRH that "she would come to Arvada from Kansas as soon as her health allowed"); at 5, ¶ I ("Plaintiff returned to her apartment" but "the agency changed her locks without notice, disposed of all her adaptive, medical and equipment, medications, and other belongings in the apartment. FRH did not abide by the moratorium on eviction/lockouts nor the federal housing assistance rules"); at 6, ¶ I (FRH's housing director "stated they would not let family back into their home or grant the Plaintiff and her children use

4

of the subsidized housing unit"); at 7, ¶ K ("Plaintiff had to come to New Mexico so she and her children would not freeze to death in their cars," "Housing Authority of Colorado Springs/HUD actually had Plaintiff falsely arrested," Plaintiff has been locked out of two HUD units"); at 8, ¶ P (State of Colorado agencies "Refused to provide disability assistance and interpreter services").

The Amended Complaint adds the United States and some of its agencies as Defendants. The statute governing venue when the United States is a defendant states:

> Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only ... in the judicial district where the plaintiff resides
> ....
>
> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(a)(1), (b).

Section 1346(a) states the district courts shall have original jurisdiction of "any civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any act of Congress ...." 28 U.S.C. § 1346(a)(2). The Amended Complaint does not state the amount Plaintiff is claiming in damages against the United States. If Plaintiff's claims against the United States do not exceed $10,000, then those claims may be prosecuted only in the district where Plaintiff resides. It appears that Plaintiff's claims against the United States exceed $10,000 because Plaintiff's original Complaint, which did not assert claims against the United States, sought damages against the State of Colorado in the amount of $25 million.

Section 1346(b) states the district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government ...." 28 U.S.C. § 1346(b)(1). Any such civil actions "may be prosecuted only in the judicial district

where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

The Court concludes that the District of New Mexico is not a proper venue for this case because there are no allegations in the Amended Complaint or in Plaintiff's Response to the Order to Show Cause that a substantial part of the events or omissions giving rise to the claim occurred in the District of New Mexico.  The Court transfers this case to the District of Colorado because the events or omissions giving rise to this case occurred in Colorado.

**IT IS ORDERED** that this case is **TRANSFERRED** to the District of Colorado.

**UNITED STATES MAGISTRATE JUDGE**